UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DRAKE NEWTON,

    Petitioner,

    v.                                CAUSE NO. 3:18-CV-777-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Drake Newton, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing (NCF 17-12-0096) in which a disciplinary hearing officer found him guilty of possession of an electronic device in violation of Indiana Department of Correction offense, A-121, and sanctioned him with a loss of 180 days earned credit time and a demotion in credit earning class.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-573 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

On December 22, 2017, Case Manager Dunn was conducting pat-down searches. Mr. Newton allegedly ignored Case Manager Dunn's demands that he stop to be patted down and instead proceeded toward a restroom. He was found in the restroom with a cell phone and charger on the floor. Mr. Newton states two separate grounds in his petition. He argues that his due process rights were violated because his request that a statement be obtained from the L dorm officer was denied. In his second ground, Mr. Newton argues that his due process rights were violated because he was denied video evidence that would have demonstrated that Case Manager Dunn didn't see Mr. Newton with the phone.

The Conduct Report charged Mr. Newton as follows:

> On the above date and time[,] I[,] case manager Dunn[,] was pat searching offenders in upper L2 near UTM office. Upon searching one offender, offender Newton #902726 ran past and refused to stop. I gave multiple orders to stop and Newton refused to comply while running to L1-Lower restroom. Newton then flushed the toilet and threw a white cell phone charger on the floor along with a LG smart cell phone. Newton then turned to exit the restroom and said, "you got me the phones on the floor." Newton was advised that he would receive conduct for this incident.

(ECF 12-1.) Mr. Newton was charged with violating IDOC A-121, which prohibits "[u]nauthorized use or possession of any cellular telephone or other wireless or cellular communications device." Adult Disciplinary Process Appendix I: Offenses, at 3 (June 1, 2015), available at http://www.lb7.uscourts.gov/documents/216-cv-821.pdf (last visited Jan. 30, 2020).

The screening report reflects that Mr. Newton asked to call Chris Collins and Monroe Daniels as witnesses. Statements were obtained from both Monroe

2

Daniels and Chris Collins. Mr. Daniels indicated that he didn't know anything. Mr. Collins indicated that he didn't see a cell phone.

The screening report also reflects that Mr. Newton asked that camera footage of the L1 lower day room be reviewed for the day of the incident between 8:30 a.m. and 9:00 a.m. The hearing officer reviewed the video as requested, but deemed it inconclusive.

At the hearing, Mr. Newton stated "I did flush it, I do smoke, but I did not have the phone." (ECF 12-10.) He further stated that "Dunn did not find the phone, the C/O did." (*Id.*) Mr. Newton was found guilty based on the conduct report, evidence, and statements from Mr. Newton and witnesses. He appealed the finding without success.

First, Mr. Newton argues that he was denied a statement from the L dorm officer that was working during the incident in violation of the Due Process Clause. Mr. Newton had a right to request evidence in his defense, *see* Wolff v. McDonnell, 418 U.S. at 566, the record doesn't support his claim that he requested this evidence. Mr. Newton indicates in his petition that he asked for a statement from the L dorm officer that was working during the incident at screening and at his hearing, but the signed screening order doesn't reflect that he made this request. (ECF 1 at 2; ECF 9-2.) Even if he made the request, Mr. Newton hasn't explained how the statement would have helped him. He claims that the L dorm officer went into the restroom and found the phone after three offenders walked out, and that Case Worker Dunn didn't see who dropped it because the L dorm officer placed the phone in Case Worker Dunn's hands as

3

he approached the restroom. Even if this is true, it isn't exculpatory evidence. Rasheed-Bey v. Duckworth, 969 F.2d 357, 361 (7th Cir. 1992) (due process only requires production of "exculpatory" evidence). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." Meeks v. McBride, 81 F.3d 717, 720 (7th Cir. 1996). The conduct report alleges that Mr. Newton disobeyed orders to stop for a pat down search, proceeded to the restroom, placed a cell phone and charger on the ground, turned to leave, and then said "you got me the phones on the floor." (ECF 12-2.) Case Worker Dunn doesn't say that he saw Mr. Newton place the phone on the floor; he doesn't say he picked them up himself. Rather, he says that Mr. Newton fled to the bathroom in violation of a direct order, that he was followed to the bathroom where the cell phone was found, and that Mr. Newton indicated that he was guilty of possessing it by stating "you got me the phone is on the floor." A statement from the L dorm officer indicating that Case Worker Dunn didn't actually see Mr. Newton put the phone on the ground in the bathroom wouldn't undermine the reliability of the evidence in the record that points to Mr. Newton's guilt. This ground doesn't provide a basis for granting habeas relief.

In Mr. Newton's second ground, he argues that he was denied video evidence. Mr. Newton had a right to request the video evidence, *see* Wolff v. McDonnell, 418 U.S. at 566, he didn't have a right to personally review that evidence. White v. Ind. Parole Bd., 266 F.3d 759, 767 (7th Cir. 2001) ("prison disciplinary boards are entitled to receive, and act on, information that is

4

withheld from the prisoner and the public . . . "). The hearing officer reviewed the evidence as Mr. Newton asked, but it was inconclusive. The hearing officer indicated that the video didn't include audio and that it didn't show the inside of the restroom. The court has reviewed the available video footage and finds it appropriately withheld from Mr. Newton because the information could pose a security threat. Additionally, the video doesn't contain any exculpatory evidence. *See* Rasheed-Bey v. Duckworth, 969 F.2d at 361; Meeks v. McBride, 81 F.3d at 720. Because the DHO reviewed the available video footage and it was not exculpatory, there was no violation of Mr. Newton's due process rights. White v. Indiana Parole Board, 266 F.3d at 767. Therefore, the denial of video evidence or inadequate summary of video evidence is not a basis for granting habeas corpus relief.

Finally, while not raised explicitly, any argument that there was insufficient evidence to support the charge is unfounded. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-456. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is

5

> a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). The hearing officer had enough evidence to find Mr. Newton guilty of possessing an electronic device. The Conduct Report alone contained sufficient information to find Mr. Newton guilty.

Mr. Newton doesn't need a certificate of appealability to appeal this order because he is challenging a prison disciplinary proceeding, *see* Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009), but he can't proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court DENIES Drake Newton's petition for writ of habeas corpus. The clerk is DIRECTED to close the case.

SO ORDERED on January 30, 2020

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT

6